UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SWAIN CHAPPELLE,

                Petitioner,

      v.                                    9:12-CV-0331
                                                  (DNH/DEP)

ANTHONY BOUCCAUD, Superintendent,
Altona Correctional Facility,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

SWAIN CHAPPELLE
Petitioner, pro se
10-A-4856
Altona Correctional Facility
555 Devils Den Road
Altona, NY 12910

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     The Clerk has sent for review a petition for a writ of habeas corpus that was filed in this District by petitioner pro se Swain Chappelle pursuant to 28 U.S.C. § 2254. See Pet., Dkt. No. 1. Petitioner, who is presently incarcerated at the Altona Correctional Facility, has paid the filing fee required for this action.

     In his petition, Chappelle challenges his conviction on August 20, 2010, in Ulster County Court following his guilty plea to the crimes of criminal sale of a controlled substance in the third degree and third degree criminal possession of a controlled substance. See Pet.

¶¶ 1-2, 4-5. In the portion of his petition wherein he is to state whether he filed any appeal of his conviction, Chappelle has indicated that his appeal with the New York State, Supreme Court, Appellate Division, Third Department is "still pending." Id. ¶ 9.

A federal district court may not grant the habeas petition of a state prisoner "'unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting 28 U.S.C. § 2254(b)(1)(A)), cert. denied sub nom. Richardson v. Inserra, ___ U.S. ___, 131 S. Ct. 1019 (2011). This is because "'[s]tate courts, like federal courts, are obliged to enforce federal law.'" Smith v. Duncan, 411 F.3d 340, 347 (2d Cir. 2005) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)). As the Supreme Court noted in O'Sullivan, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review th[e] claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

As noted above, Chappelle has declared in his petition that his direct appeal of his conviction is still pending with the Appellate Division. See Pet. ¶ 9. Thus, he has clearly not fully exhausted his state court remedies prior to commencing this action.

Under Rule 4 of the Rules Governing § 2254 cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Chappelle is plainly not entitled to the relief he seeks herein because he failed to fully exhaust his claims prior to commencing this action. Therefore, this action will be dismissed without prejudice. Chappelle may file a new § 2254 petition in this

District after he has fully exhausted all state court challenges he wishes to pursue concerning his Ulster County Court convictions.

Therefore, it is

ORDERED that

1. This action is **DISMISSED** without prejudice for the reasons discussed above. Petitioner is advised to promptly file a new federal habeas corpus action in this District after he has fully exhausted all state court challenges he wishes to bring regarding the convictions challenged herein (including his direct appeal); and

2. The Clerk of the Court serve a copy of this Decision and Order on the Petitioner.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 21, 2012
      Utica, New York.